UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DORNER,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMERCIAL TRADE BUREAU OF CALIFORNIA,<br><br>        Defendant. | CIV-F-08-0083 AWI SMS<br><br>ORDER RE: MOTION TO DISMISS |

**I. History**[1]

Defendant Commercial Trade Bureau of California is a private company engaged in the business of debt collection located in Kern County. Within the past year, Defendant has contacted Plaintiff Robert Dorner both orally and in writing to collect an outstanding debt owing to a third party. Defendant sent Plaintiff a letter demanding payment in the amount of $1,248.55 dated January 16, 2007 ("Dunning Letter").

On January 16, 2008, Plaintiff filed suit alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), specifically 15 U.S.C. §1692e(1), (9), and

---

[1]The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

(10).  In substance, Plaintiff argues Defendant's use of the name "Commercial Trade Bureau of California" gave the false impression that the debt collection company was in some way associated with the State of California.  Defendant has filed a motion to dismiss for failure to state a claim.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

2

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

The relevant FDCPA section states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.....
>
> (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e.  Plaintiff alleges "The written statement that Defendant was the 'Trade Bureau' of the State of 'California' simulated a document that was authorized, issued, or approved by an agency of the United States or State in violation of 15 U.S.C. 1692e(9) and (10). Said Written Communication further violated 15 U.S.C. 1692e(1) and (10) in that it created a false representation or implication that the debt collector was vouched for or affiliated with the United States or any State." Doc. 1, Complaint, at 2:23-3:4.  The complaint makes no reference to oral communications, but solely to written communication.

Following the organization of Section 1692e, Plaintiff portrays his claim as comprising of three parts, each with its own distinct analysis: "(1) whether Defendant's oral and written use of the name 'Commercial Trade Bureau' falsely represents or implies 'that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof,' (2) whether Defendant's dunning letter 'simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval,' and (3)  whether Defendant's overall use of the name violates the Act's general prohibition on the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" Doc. 13, Plaintiff's Opposition, at 5:18-6:1.  The court concludes that there are two interrelated issues: (1) does the use of the name "Commercial Trade Bureau of California" imply or misleadingly represent a connection with the State of California and (2) does the Dunning Letter (or any other written communication) imply or misleadingly represent a connection with the State of California.

The FDCPA is a strict liability statute. Clark v. Capital Credit & Collection Servs., 460

F.3d 1162, 1175 (9th Cir. 2006).  "If the least sophisticated debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act." Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007), quoting Swanson v. Southern Or. Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988).  In a case arising prior to the FDCPA (but which is instructive nevertheless as it dealt with analogous law), the Ninth Circuit upheld an order of the Federal Trade Commission which prohibited the petitioner in the case from certain debt collection practices based on the finding that "repetition of the words 'Washington, D.C.,' the use of 'elaborate type styles on several forms to simulate legal documents,' and the overall format of the material 'exploit the assumption of many low income debtors that anything emanating from Washington, D.C., comes from the government.'" Floersheim v. Federal Trade Com., 411 F.2d 874, 877 (9th Cir. 1969), citations omitted.  "Claims are thus viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse than the average consumer. The Court, not the jury, determines whether a collection letter violates the Act by applying this 'least sophisticated debtor' standard." Gonzales v. Arrow Fin. Servs. LLC, 489 F. Supp. 2d 1140, 1146 (S.D. Cal. 2007), citations omitted.  "In the Ninth Circuit, the issue of whether the language of a collection letter violates the FDCPA is a matter of law." Hapin v. Arrow Fin. Servs., 428 F. Supp. 2d 1057, 1060 (N.D. Cal. 2006), citing Terran v. Kaplan, 109 F.3d 1428, 1431-32 (9th Cir. 1997).

Though a copy of the Dunning Letter was not appended to the complaint, both parties have filed it as attachments to their briefs. Doc. 6, Part 2, at 7; Doc. 13, Part 2.  Plaintiff objects to consideration of this material in deciding the motion. See Doc. 13, Plaintiff's Opposition, at 10:9-12 (the motion "should be converted to a Rule 56 Motion for Summary Judgment and stayed pending discovery because Defendant attached its dunning letter to the Motion").  Under Ninth Circuit precedent, "the 'incorporation by reference' doctrine...permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  The complaint states "[within the last year] Defendant used written communication to communicate with Plaintiff in its attempt to

collect the alleged debt. Said written communication stated that Defendant was the 'Commercial Trade Bureau of California.'" Doc. 1, Complaint, at 2:18-23.  The complaint makes reference to both the Dunning Letter itself and its content.  There is no question as to its authenticity.  The Dunning Letter will be considered without converting the motion to one of summary judgment.

Plaintiff asks the court to judicially notice "the fact an ordinary quick search of first page results on 'Google' for the phrase 'California bureau' shows a possible nine results, seven of which are government agencies." Doc. 13, Plaintiff's Opposition, at10:22-25.  "On a motion to dismiss, however, a court may take judicial notice of facts outside the pleadings." Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104 (1991).  Results from a Google search do not meet the standard required as they are not "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b).  Google is continually updating its search system, and results for an identical search can vary from day to day.  The Google search results are not considered in ruling on this motion.

On the merits, Defendant argues "the FDCPA was not enacted to hold liable every debt collection agency in the country whose business name contains a state or national reference." Doc. 6, Part 2, Defendant's Brief, at 4:27-28.  However, "If the name would cause the 'least sophisticated consumer' to erroneously believe that the entity was a governmental agency or a law office, the use of the name could violate this provision even though it was the correct name for the debt collector." Johnson v. Statewide Collections, 778 P.2d 93, 103 (Wyo. 1989).  In reference to misleading implication of government involvement, "the few cases which address this provision generally limit findings of violations of § 1692e(9) to situations where the debt collector overtly impersonates a governmental agency, or where the debt collector attempts to hide its identity by using a false alias." Kuehn v. Cadle Co., 2007 U.S. Dist. LEXIS 25764, *12 (M.D. Fla. 2007).  Indeed, the key case cited by both parties discusses a violation of Section 1692e(1) and (9) in the context of a debt collection company which "conveyed the impression that they [dunning letters] were authorized, created, and sent by the Sheriff's Department...This result was accomplished both by using Sheriff's Department letterhead and by omitting any

reference to [the private company]." Gradisher v. Check Enforcement Unit, Inc., 210 F. Supp. 2d 907, 914 (W.D. Mich. 2002).[2] In another case, a confusing name in conjunction with an ersatz seal of the United States was found to be problematic:

> Across the top of each of the letters, in bold type and in capital letters, is printed FFCC's letterhead: 'FIRST FEDERAL CREDIT CONTROL, INC.' On either side of the letterhead is an icon of a bird with its wings spread, grasping olive branches in its right talon and arrows in its left talon. The icon is simplified, so identification of the bird as a bald eagle may not be certain; however, there is no doubt that the bird resembles a raptor more than a songbird. Beyond the use of the word 'federal' in the letterhead and the double appearance of the bird icon, there are no other clues as to whether FFCC is or is not affiliated with any governmental entity....The word 'federal' in letterhead could easily create in the mind of a consumer, even one who is not naive, the perception that FFCC is related to the federal government. That this word is sandwiched between two copies of an icon that has a similarity to the great seal of the United States does nothing to weaken this perception. Moreover, there are no countervailing indicators on FFCC's letters that would lead an unsophisticated consumer to conclude that FFCC is not affiliated with the United States government.

Adams v. First Federal Credit Control, Inc., 1992 U.S. Dist. LEXIS 8306, *2 and 6-7 (N.D. Ohio 1992).

In contrast, another court found the "Use of the word 'National' in defendant's name [National Action Financial Services, Inc.] does not create the implication that the firm is affiliated with the national government." Kahen-Kashani v. Nat'l Action Fin. Servs., 2004 U.S. Dist. LEXIS 28420, *19 (W.D.N.Y. 2004), magistrate judge's findings and recommendations adopted in full at 2004 U.S. Dist. LEXIS 27836. The Eastern District of New York found the use of the name "New Jersey Credit Collection Agency" did not violate FDCPA as "there is no possibility that a debtor would be under the false impression that the defendant was affiliated

---

[2] The court notes that some of the cases cited by Plaintiff do not deal with Section 1692e(1), (9), or (10) but rather with Section 1692(16) which prohibits "The false representation or implication that a debt collector operates or is employed by a consumer reporting agency." In one case, the Fifth Circuit found that use of the name "Collection, Department, Credit Bureau of Baton Rouge" implied a non-existent relationship between the debt collector and a consumer reporting agency in violation of 15 U.S.C. §1692e(16). McKenzie v. E.A. Uffman & Assocs., 119 F.3d 358, 362 (5th Cir. 1997). There was no allegation or discussion of whether the use of the name implied a non-existent relationship with the City of Baton Rouge. The same is true of a Seventh Circuit case, Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057 (7th Cir. 2000), which Plaintiff specifically said was "on point" and dealt with Section 1692e(9). Doc. 13, Plaintiff's Opposition, at 9:1-5. The court finds the mischaracterization of Pettit to be unacceptable and cautions Plaintiff's counsel against any mischaraterizations in the future.

with the State of New Jersey." <u>Desantis v. Roz-Ber, Inc. T/A New Jersey Creditor Collection Agency</u>, 51 F. Supp. 2d 244, 247 (E.D.N.Y. 1999).  The dunning letter sent in that case did state "Your account has been placed in our hands by the above named client..." <u>Desantis v. Roz-Ber, Inc. T/A New Jersey Creditor Collection Agency</u>, 51 F. Supp. 2d 244, 246 (E.D.N.Y. 1999). This court reads the use of the term "client" to be an indication (though weak) that the debt collector was a private company.  In one other case, the District of Connecticut rejected the contention "that defendant's name, 'State Credit Adjustment Bureau,' is deceptive or misleading because of the implication that it is...a state agency." <u>Shrestha v. State Credit Adjustment Bureau, Inc.</u>, 117 F. Supp. 2d 142, 146 (D. Conn. 2000) (opinion largely based on issue preclusion with earlier opinion unavailable).

     The court notes that several of the cases cited above involve use of names which include the designation "Inc.," a strong indication that the entity is a private company.  Based on the complaint, there is no indication that the name "Commercial Trade Bureau of California" is appended with a similar designation.  Looking at the Dunning Letter, Defendant represents itself as "Commercial Trade Bureau of California (A Debt Collection Agency)." Doc. 13, Part 2.  The use of the word "agency" is arguably ambiguous, especially compared with other possibilities such as "corporation" or "company" (or even more straightforwardly, "private company").  The Dunning Letter purported to collect the debt of a "creditor" which does not suggest Defendant is a private entity with the same force as the term "client."

     While application of the "least sophisticated consumer" standard is a matter of law, most cases making the legal decision have done so in the context of a summary judgment motion. See <u>Guerrero v. RJM Acquisitions LLC</u>, 499 F.3d 926 (9th Cir. 2007); <u>Clark v. Capital Credit & Collection Servs.</u>, 460 F.3d 1162, 1166 (9th Cir. 2006); <u>Renick v. Dun & Bradstreet Receivable Mgmt. Servs.</u>, 290 F.3d 1055 (9th Cir. 2002); <u>Terran v. Kaplan</u>, 109 F.3d 1428, 1430 (9th Cir. 1997); <u>Wade v. Regional Credit Ass'n</u>, 87 F.3d 1098 (9th Cir. 1996); <u>Swanson v. Southern Or. Credit Serv.</u>, 869 F.2d 1222 (9th Cir. 1988); <u>Adams v. First Federal Credit Control, Inc.</u>, 1992 U.S. Dist. LEXIS 8306, *2 and 6-7 (N.D. Ohio 1992); <u>Kahen-Kashani v. Nat'l Action Fin. Servs.</u>, 2004 U.S. Dist. LEXIS 28420 (W.D.N.Y. 2004); <u>Shrestha v. State Credit Adjustment</u>

Bureau, Inc., 117 F. Supp. 2d 142, (D. Conn. 2000); contra Dunlap v. Credit Prot. Ass'n, L.P., 419 F.3d 1011 (9th Cir. 2005) (motion on the pleadings); Hapin v. Arrow Fin. Servs., 428 F. Supp. 2d 1057 (N.D. Cal. 2006) (motion to dismiss); Desantis v. Roz-Ber, Inc., 51 F. Supp. 2d 244 (E.D.N.Y. 1999) (judgment on the pleadings).  To the extent that evidence may help in making the legal determination, this case would be better resolved in a summary judgment motion than a motion to dismiss.  Based on the complaint and Dunning Letter (and not judging the merits of the case), the court finds that Plaintiff has stated a claim under FDCPA.

### IV. Order

Defendant's motion to dismiss for failure to state a claim is DENIED.

IT IS SO ORDERED.

Dated:     April 10, 2008                              /s/ Anthony W. Ishii
                                                       UNITED STATES DISTRICT JUDGE